UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:06-cr-00107-FCD |
| | ) | |
| v. | ) | |
| | ) | **DETENTION ORDER** |
| MELODI FAE HARRIS, | ) | (Violation of Pretrial Release, |
| | ) | Probation or Supervised Release) |
| Defendant. | ) | |

__X__   After a hearing pursuant to 18 U.S.C. § 3148 (violation of pretrial release order), the court finds :

    ___ there is probable cause to believe the person has committed a federal, state or local crime while on release and defendant has not rebutted the presumption that his release will endanger another or the community or
    _X_ there is clear and convincing evidence that defendant has violated another condition of release[1] and

        ___ based on the factors set forth in 18 U.S.C. § 3142(g) there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of another person or the community or
        _X_ the person is unlikely to abide by any condition or combination of conditions of release.  F.R.Cr.P. 32.1(a)(D), 46(c); 18 U.S.C. § 3148.

____   After a hearing pursuant to F.R.Cr.P. 32.1(a)(6) and 46(c) and 18 U.S.C. § 3143 (violation of probation or supervised release) the court finds there is probable cause to believe defendant has violated a condition of probation or supervised release and defendant has not met his burden of establishing by clear and convincing evidence that he will not flee or pose a danger to another person or to the community.  18 U.S.C. § 3143.

/////

---

[1] The court finds that defendant violated the requirement that she participate in a psychiatric treatment program by missing her appointment on January 20, 2010, as a result of self-induced over-medication that led to hospitalization on January 19, 2010.  The missed appointment followed a period of missed appointments in September 2009 and defendant's report to the Pretrial Services Officer in early January 2010 that she had either stopped or planned to stop attending appointments because she cannot focus on her medical issues while trial is pending in this matter.  In light of this record, the court finds that going forward defendant is unlikely to abide by the treatment condition at least.

Accordingly, IT IS ORDERED that pursuant to 18 U.S.0C. § 3142(i)(2)-(4) defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, **and that can accommodate defendant's medical and psychiatric needs.** The defendant shall be afforded reasonable opportunity for private consultation with counsel.  Upon further order of a court of the United States or request of an attorney for the United States the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for purpose of an appearance in connection with a court proceeding.

DATED:   1/21/2010

_____
U.S. MAGISTRATE JUDGE


cc:  Gary H. Yandell, Supervisor, U.S. Marshals Service